UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN THE MATTER OF:

Cheryl L. Gineman,

           Debtor.

_____/

Bankruptcy Case No. 08-35231
Honorable Daniel S. Opperman
Chapter 7

## TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH CHERYL L. GINEMAN, TRUSTEE OF THE CHERYL GINEMAN REVOCABLE TRUST AGREEMENT DATED MAY 9, 1994 AND MICHIGAN ASSET HOLDINGS, LLC RESOLVING THE ESTATE'S INTEREST IN REAL PROPERTY

Michael A. Mason, Trustee, by and through his counsel, Beadle Smith, PLC, hereby states for Trustee's Motion for Approval of Settlement Agreement with Cheryl L. Gineman, Trustee of the Cheryl Gineman Revocable Trust Agreement Dated May 9, 1994 ("Gineman") and Michigan Asset Holdings, LLC ("Michigan Asset Holdings") Resolving the Estate's Interest in Real Property as follows:

1. On December 15, 2008, Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Reform Act of 1978, as Amended, Title 11.

2. Subsequent to the aforementioned filing, Michael A. Mason was appointed the duly qualified and acting Trustee in this matter.

3. On the Petition Date, Gineman held a 100% membership interest in Bearinger Building, L.L.C., a Michigan limited liability company ("Company"). The Company held an interest in real property commonly known as 126 N. Franklin, Saginaw, MI ("Property") which was secured by mortgages granted to Michigan Asset Holdings. Pursuant to the documentation reviewed by the Trustee, the obligation owed to Michigan Asset Holdings, unpaid property taxes and cost of sale exceed the value of the subject real property.

4. Michigan Asset Holdings has requested that the Trustee relinquish any rights the bankruptcy estate of Cheryl L. Gineman and Gineman has in the Property and to execute a Trustee's Deed and deed in lieu of foreclosure, respectively, in favor of Michigan Asset Holdings for the Property.

1

5. After good faith, arm's length negotiations, and without collusion, Trustee and Michigan Asset Holdings have agreed that upon the payment of $4,100.00 ("Settlement Proceeds"), the Trustee agrees to execute a Trustee's Deed and Gineman agrees to execute a deed in lieu foreclosure in favor of Michigan Asset Holdings for the Property. A copy of the Settlement Agreement is submitted herewith as Exhibit 6-A.

6. Upon receipt of the Settlement Proceeds and bankruptcy court approval of this Settlement Agreement, the Trustee and Gineman shall execute the deeds described above. Said deeds shall be prepared by Michigan Asset Holdings and shall be acceptable to Trustee and Gineman. As part of this resolution, Trustee agrees to pay Gineman an amount equal to the cost incurred by Gineman in boarding up a broken window on the Property up to the sum of $600.00.

7. This Settlement Agreement is conditioned upon obtaining final Bankruptcy Court approval.

8. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." A court considering a proposed compromise or settlement should apprise itself of all facts necessary for an intelligent and objective opinion as to the reasonableness of the compromise or settlement; however "the court need not conduct a "mini trial on the merits...of [the] settlement." *In re Dow Corning Corp.*, 198 B.R. 214, 222 (Bankr. E.D. Mich. 1996)(citations omitted); *In the Matter of Cajun Electric Power Cooperative, Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (same). Instead,

> ...the obligation of the court is to 'canvass the issues and see whether the settlement "falls below the lowest point in the range of reasonableness.'"

*Dow Corning Corp.*, 198 B.R. at 222 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493) (Bankr. S.D.N.Y. 1991) (quoting, *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, *Cosoff v. Rodman*, 464 U.S. 822, 104 S. Ct. 89, 78 L.Ed.2d 97 (1983))).

9.  In evaluating a proposed settlement, the court should be guided by the precept that the law favors compromise and the court must consider whether the proposed settlement is in the best interest of the debtor's estate, *In re Dow Corning Corp.*, 198 B.R. 214, 221 (Bankr. E.D. Mich. 1996).

10. In considering whether to approve a settlement as in the best interest of a debtor's estate, a bankruptcy court must consider, among other things: (i) the probability of success in litigation; (ii) the difficulty in collecting a judgment ultimately obtained in the litigation; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the interests of creditors, giving proper deference to reasonable views of the creditors. *Protective Committee of Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 20 L.E.d. 2d 1, reh'g denied 391 U.S. 709, 88, S. Ct. 1649, 20 L.E.d. 2d 425 (1968).

11. Given the information known to the Trustee, he has fulfilled his duty of obedience, loyalty and duty of care. In fulfilling his duty of obedience, the settlement is not outside his permitted authority. The proposed settlement is not illegal, unconstitutional or against public policy. The Trustee has the capacity to initiate litigation pursuant to 11 U.S.C. §323(b) and avoid and recover the payments pursuant to 11 U.S.C. §§547 and 550. The Trustee has the authority to exercise his business judgment in reaching a compromise. The Trustee has fulfilled his duty of loyalty by remaining disinterested in this bankruptcy proceeding and this adversary proceeding. Except as serving as Trustee in this case, the Trustee does not hold an interest adverse to this estate nor is he connected in any manner with the Debtor, creditors of the debtor, attorney of the debtors or any other party in interest, or their respective attorneys or accountants. The Trustee has fulfilled his duty of due care by acting as an ordinarily prudent person in conduct of his private affairs under similar circumstances with a similar object in view.

12. The Trustee believes that this settlement is reasonable and in the best interest of the estate and creditors.

**WHEREFORE**, the Trustee requests this Honorable Court enter the proposed Order submitted herewith granting the Trustee authority to settle his claim against Michigan Asset Holdings for the full sum of $4,100.00 pursuant to the terms of the Settlement Agreement submitted herewith and for such other and further relief this Court deems just and proper.

Respectfully submitted,

BEADLE SMITH, PLC

Dated: 1/28/10

/S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307
(248) 650-6094, Ext. 15; (248) 650-6095 (fax)
Ksmith@bbssplc.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - FLINT

IN THE MATTER OF:

Cheryl L. Gineman,  Bankruptcy Case No. 08-35231
  Honorable Daniel S. Opperman
 Debtor.  Chapter 7
_____/

## ORDER GRANTING TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH CHERYL L. GINEMAN, TRUSTEE OF THE CHERYL GINEMAN REVOCABLE TRUST AGREEMENT DATED MAY 9, 1994 AND MICHIGAN ASSET HOLDINGS, LLC RESOLVING THE ESTATE'S INTEREST IN REAL PROPERTY

This matter having come before this Honorable Court based upon the Trustee's Motion for Approval of Settlement Agreement with Cheryl L. Gineman, Trustee of the Cheryl Gineman Revocable Trust Agreement Dated May 9, 1994 ("Gineman") and Michigan Asset Holdings, LLC ("Michigan Asset Holdings") Resolving the Estate's Interest in Real Property; no objections having been filed to the Trustee's Motion; or any filed objection having been resolved; notice having been provided properly pursuant to Rule 2002 and 9019 of the Federal Rules of Bankruptcy Procedures; and the Court being fully advised in the premises;

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Trustee's Motion is granted and Michigan Asset Holdings, LLC, shall pay to the Trustee the full sum of $4,100.00 pursuant to the terms of the Settlement Agreement submitted with the Trustee's Motion as full and final settlement of the estate's interest in real property located at 126 N. Franklin, Saginaw, Michigan.

**IT IS FURTHER ORDERED** that Trustee shall pay Cheryl L. Gineman, Trustee of the Cheryl Gineman Revocable Trust Agreement Dated May 9, 1994 an amount equal to the cost incurred by boarding up a broken window on the real property up to the sum of $600.00.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

IN THE MATTER OF:

Cheryl L. Gineman,  
             Debtor.  
_____/

Bankruptcy Case No. 08-35231  
Honorable Daniel S. Opperman  
Chapter 7

## NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH CHERYL L. GINEMAN, TRUSTEE OF THE CHERYL GINEMAN REVOCABLE TRUST AGREEMENT DATED MAY 9, 1994 AND MICHIGAN ASSET HOLDINGS, LLC RESOLVING THE ESTATE'S INTEREST IN REAL PROPERTY

    Trustee, Michael A. Mason, has filed papers with the Court for the approval of Trustee's Motion for Approval of Settlement Agreement with Cheryl L. Gineman, Trustee of the Cheryl Gineman Revocable Trust Agreement Dated May 9, 1994 ("Gineman") and Michigan Asset Holdings, LLC ("Michigan Asset Holdings") Resolving the Estate's Interest in Real Property. On the Petition Date, Gineman held a 100% membership interest in Bearinger Building, L.L.C., a Michigan limited liability company ("Company"). The Company held an interest in real property commonly known as 126 N. Franklin, Saginaw, MI ("Property") which was secured by mortgages granted to Michigan Asset Holdings. Pursuant to the documentation reviewed by the Trustee, the obligation owed to Michigan Asset Holdings, unpaid property taxes and cost of sale exceed the value of the subject real property. Michigan Asset Holdings has requested that the Trustee relinquish any rights the bankruptcy estate of Cheryl L. Gineman and Gineman has in the Property and to execute a Trustee's Deed and deed in lieu of foreclosure, respectively, in favor of Michigan Asset Holdings for the Property. After good faith, arm's length negotiations, and without collusion, Trustee and Michigan Asset Holdings have agreed that upon the payment of $4,100.00 ("Settlement Proceeds"), the Trustee agrees to execute a Trustee's Deed and Gineman agrees to execute a deed in lieu foreclosure in favor of Michigan Asset Holdings for the Property. Upon receipt of the Settlement Proceeds and bankruptcy court approval of this Settlement Agreement, the Trustee and Gineman shall execute the deeds described above. Said deeds shall be prepared by Michigan Asset Holdings and shall be acceptable to Trustee and Gineman. As part of this resolution, Trustee agrees to pay Gineman an amount equal to the cost incurred by Gineman in boarding up a broken window on the Property up to the sum of $600.00. This Settlement Agreement is conditioned upon obtaining final Bankruptcy Court approval.

    The Trustee believes that this settlement is reasonable and in the best interest of the estate and creditors.

    **Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, within 21 days, you or your attorney must:

    1.    Pursuant to L.B.R. 9014-1 (E.D.M.), file with the Court a written objection explaining your position at:[1]

        United States Bankruptcy Court  
        226 West Second Street, Flint, MI 48502

1

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

You must also mail a copy to:

Kevin M. Smith, Attorneys for Trustee [see address below]

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time, and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

BEADLE SMITH, PLC

/S/ Kevin M. Smith
By: Kevin M. Smith (P48976)
Attorneys for Trustee
445 South Livernois, Suite 305
Rochester Hills, MI 48307-2577
(248) 650-6094, Ext. 15; (248) 650-6095 (fax)
ksmith@bbssplc.com

Date Served: 1/28/10

[1] Response or answer must comply with F.R. Civ. P 8 (b) (c) and (e)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

**IN THE MATTER OF:**

Cheryl L. Gineman,   Bankruptcy Case No. 08-35231
                    Honorable Daniel S. Opperman
      Debtor.       Chapter 7
_____/

**BRIEF IN SUPPORT**

None.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - FLINT

IN THE MATTER OF:

Cheryl L. Gineman,　　　　　　　　　　　　Bankruptcy Case No. 08-35231
　　　　　　　　　　　　　　　　　　　　　Honorable Daniel S. Opperman
　　　　　　　Debtor.　　　　　　　　　　　Chapter 7
_____/

## CERTIFICATE OF SERVICE

　　　　I hereby certify that on 1/28/10, I served the following Paper:

Trustee's Motion for Approval of Settlement Agreement with Cheryl L. Gineman, Trustee of the Cheryl Gineman Revocable Trust Agreement Dated May 9, 1994 ("Gineman") and Michigan Asset Holdings, LLC ("Michigan Asset Holdings") Resolving the Estate's Interest in Real Property, Proposed Order, Notice of Requirement of Written Response to Trustee's Motion for Approval of Settlement Agreement with Cheryl L. Gineman, Trustee of the Cheryl Gineman Revocable Trust Agreement Dated May 9, 1994 ("Gineman") and Michigan Asset Holdings, LLC ("Michigan Asset Holdings") Resolving the Estate's Interest in Real Property, Brief in Support, this Certificate of Service, Affidavits and Exhibit List with Exhibit

on the following parties at these addresses:

Cheryl L. Gineman
2500 E. Baldwin Rd.
Grand Blanc, MI 48439

Jason M. Curis, Manager
Michigan Asset Holdings
5700 Frazho Road
Warren, MI 48091

**A COPY OF THE NOTICE REQUIRING A WRITTEN RESPONSE WAS ALSO SERVED UPON THE ATTACHED COURT MATRIX BY US MAIL OR BY ECF TO ECF PARTICIPANTS.**

by the following means:

United States first-class mail

　　　　　　　　　　　　　　　　　　　　　/S/ KEVIN M. SMITH
　　　　　　　　　　　　　　　　　　　　　Kevin M. Smith (P48976)
　　　　　　　　　　　　　　　　　　　　　Beadle Smith, PLC
　　　　　　　　　　　　　　　　　　　　　Attorneys for Trustee
　　　　　　　　　　　　　　　　　　　　　445 South Livernois, Suite 305
　　　　　　　　　　　　　　　　　　　　　Rochester Hills, MI 48307-2577
　　　　　　　　　　　　　　　　　　　　　(248) 650-6094, Ext. 15; (248) 650-6095 (fax)
　　　　　　　　　　　　　　　　　　　　　ksmith@bbssplc.com

Label Matrix for local noticing
0645-4
Case 08-35231-dof
Eastern District of Michigan
Flint
Wed Jan 27 09:48:54 EST 2010

Avenue
800 Tech Center Dr
Columbus OH 43230-6605

Athena J. Aitas
31440 Northwestern Highway
Suite 200
Farmington Hills, MI 48334-5422

B & G Management, LLC
5344 Fish Lake Rd
North Branch MI 48461-9745

American Express
P.O. Box 360001
Fort Lauderdale FL 33336-0001

BBJ Mortgage Services
6501 Highland
Waterford MI 48327-1655

BBJ Mortgage Services, Inc.
C/O David R. Shook, Esq.
6480 Citation Drive
Clarkston, MI 48346-5207

Bank of America
P.O. Box 15726
Wilmington DE 19886-5726

Bearinger Building LLC
2500 E Baldwin Rd
Grand Blanc MI 48439-8362

Best buy
PO Box 5238
Carol Stream IL 60197-5238

Capital One Bank
P.O. Box 6492
Carol Stream IL 60197-6492

Carnago & Associates, PC
667 E Big Beaver
Suite 201
Troy MI 48083-1431

Chameleon Investments
2500 E Baldwin Rd
Grand Blanc MI 48439-8362

Chase
P.O. Box 94014
Palatine IL 60094-4014

Chase Home Finance
P.O. Box 78116
Phoenix AZ 85062-8116

Chase Home Finance
P.O. Box 9001008
Louisville KY 40290-1008

Chase Home Finance
P.O. Box 9001871
Louisville KY 40290-1871

(p)CHRYSLER FINANCIAL
27777 INKSTER RD
FARMINGTON HILLS MI 48334-5326

Citibusiness Card
P.O. Box 688916
Des Moines IA 50368-8916

Citizens Insurance/Hanover Insurance Co.
P.O. Box 4031
Woburn MA 01888-4031

City of Pontiac
PO Box 805046
Chicago IL 60680-4164

City of Saginaw
1315 S Washington
Saginaw MI 48601-2599

Constane McGowan
1555 Oak St
Waterford MI 48328-4370

Consumers Energy*
Bankruptcy Department
4600 Coolidge Highway Rd.
Lansing MI 48937-0001

DCFS Trust
McKelvie DeLuca PC
280 West Maple
Suite 300
Birmingham, MI 48009-3344

DCFS Trust
c/o McKelvie DeLuca PC
280 West Maple Suite 300
Birmingham, MI 48009-3344

DTE Energy
One Energy Plaza, 2000 Second Avenue
Attn: Bankruptcy Dept., Ste. 688 WCB
Detroit MI 48226-1279

Fairchild Waste Control
P.O. Box 2041
Saginaw MI 48605-2041

First Equity Card
P.O. Box 23029
Columbus GA 31902-3029

Franklin Bank
24725 W. Twelve Mile Road
Southfield MI 48034-1801

James P. Frego II
23843 Joy Road
Dearborn Heights, MI 48127-1480

Genesys Regional Medical Center
One Genesys Parkway
Grand Blanc MI 48439-8066

Cheryl L Gineman
2500 E Baldwin Rd
Grand Blanc, MI 48439-8362

Harris and Harris, LTD
600 W. Jackson Blvd., Ste. 700
Chicago IL 60661-5629

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Johnston's Lanscape
P.O. Box 491
Grand Blanc MI 48480-0491

Michael A Mason
516 West Court
Flint, MI 48503-5025

Milford Apartments LLC
2500 E Baldwin Rd
Grand Blanc MI 48439-8362

Milford Apartments, LLC
2030 Cass Lake Rd
Keego Harbor MI 48320-1235

National City
P.O. Box 856176
Louisville KY 40285-6176

Tamara Pearson
28366 Franklin Road
Southfield, MI 48034-5503

Adam Jonathan Reatherford
31440 Northwestern Hwy.
Suite 200
Farmington Hills, MI 48334-5422

Robert Gineman
2500 E Baldwin Rd
Grand Blanc MI 48439-8362

Robert Grisan Attorney
33110 Grand River Ave
Farmington MI 48336-3120

SBSE/Insolvency Unit of the IRS
Box 330500-Stop 15
Detroit MI 48232

Saginaw County Treasurer
111 S Michigan Ave
Saginaw MI 48602-2019

Sams Club
P.O. Box 530942
Atlanta GA 30353-0942

David R. Shook
6480 Citation Drive
Clarkston, MI 48346-5207

Kevin M. Smith
Beadle Smith, PLC
445 South Livernois
Suite 305
Rochester Hills, MI 48307-2577

Specialistic Constructrion
P.O. Box 369
Highland MI 48357-0369

Surgery Center
5202 Miller Rd
Flint MI 48507-1040

Telcom Credit Union
21100 Northwestern Hwy.
Southfield, MI 48075-5048

Telcom Credit Union
44575 West 12 Mile Road
Novi MI 48377-2505

U.S. Attorney
Att: Civil Division
211 W. Fort St.
#2300
Detroit MI 48226-3269

U.S. Trustee
211 W. Fort Street
Suite 700
Detroit MI 48226-3263

Verizon Wireless
P.O. Box 15062
Albany NY 12212-5062

Wells Fargo
P.O. Box 4626
Carol Stream IL 60197-4626

Bryan Yaldou
280 W. Maple
Suite 300
Birmingham, MI 48009-3344

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chrysler Financial
P.O. Box 9001921
Louisville KY 40290

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia PA 19114-0326

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)BBJ Mortgage Services

(u)Beadle, Burket, Sweet & Savage, PLC

(d)Bearinger Building, LLC
2500 E Baldwin Rd
Grand Blanc MI 48439-8362

(u)Chase Home Finance LLC

(d)Milford Apartments, LLC
2500 E Baldwin Rd
Grand Blanc MI 48439-8362

(u)Mortgage Electronic Registration Systems,

(u)Telcom Credit Union

End of Label Matrix
Mailable recipients   57
Bypassed recipients    7
Total                 64

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-FLINT

**IN THE MATTER OF:**

Cheryl L. Gineman,　　　　　　　　　　　　　Bankruptcy Case No. 08-35231
　　　　　　　　　　　　　　　　　　　　　　Honorable Daniel S. Opperman
　　　　　　　Debtor.　　　　　　　　　　　　Chapter 7
_____/

## **AFFIDAVIT**

None.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-FLINT**

**IN THE MATTER OF:**

| | |
|---|---|
| Cheryl L. Gineman,<br><br>Debtor._____/ | Bankruptcy Case No. 08-35231<br>Honorable Daniel S. Opperman<br>Chapter 7 |

### EXHIBIT LIST

| Exhibit | Description |
|---|---|
| 6-A | Settlement Agreement |

IN THE MATTER OF:

Cheryl L. Gineman,   Bankruptcy Case No. 08-35231
　　　　　　　　　　　　Honorable Daniel S. Opperman
　　　　　　Debtor.   Chapter 7
_____/

## SETTLEMENT AGREEMENT

　　Michael A. Mason, Trustee ("Trustee"), Cheryl L. Gineman, Trustee of the Cheryl Gineman Revocable Trust Agreement Dated May 9, 1994 ("Gineman") and Michigan Asset Holdings, LLC ("Michigan Asset Holdings")(the Trustee, Gineman and Michigan Asset Holdings are referred to as the "Parties"), through their respective attorneys, agree as follows:

　　1.　　The Trustee is the duly appointed Chapter 7 trustee in this bankruptcy case.

　　2.　　On the Petition Date, the Gineman held a 100% membership interest in Bearinger Building, L.L.C., a Michigan limited liability company ("Company"). The Company held an interest in real property commonly known as 126 N. Franklin, Saginaw, MI ("Property") which secured by mortgages granted to Michigan Asset Holdings. Pursuant to the documentation reviewed by the Trustee, the obligation owed to Michigan Asset Holdings, unpaid property taxes and cost of sale exceed the value of the subject real property.

　　3.　　The Michigan Asset Holdings has requested that the Trustee relinquish any rights the bankruptcy estate of Cheryl L. Gineman and Gineman has in the Property and to execute a Trustee's Deed and deed in lieu foreclosure, respectively, in favor of Michigan Asset Holdings for the Property.

　　4.　　After good faith, arm's length negotiations, and without collusion, Trustee and Michigan Asset Holdings have agreed that upon the payment of $4,100.00 ("Settlement Proceeds"), the Trustee agrees to execute a Trustee's Deed and Gineman agrees to execute a deed in lieu foreclosure in favor of Michigan Asset Holdings for the Property.

　　5.　　The payment of the Settlement Proceeds shall be received by the Trustee, c/o Kevin M. Smith, Beadle Smith, PLC, 445 S. Livernois Road, Suite 305, Rochester Hills, MI 48307 made payable to Michael A. Mason, Trustee, within ten days after approval of this agreement by the Bankruptcy Court.

　　6.　　Upon receipt of the Settlement Proceeds and bankruptcy court approval of this Settlement Agreement, the Trustee and Gineman shall execute the deeds described in paragraph 4 above. Said deeds shall be prepared by Michigan Asset Holdings and shall be acceptable to Trustee and Gineman. As part of this resolution, Trustee agrees to pay Gineman an amount equal to the cost incurred by Gineman in boarding up a broken window on the Property up to the sum of $600.00.

　　7.　　This Settlement Agreement is conditioned upon obtaining final Bankruptcy Court approval.

　　8.　　The Parties represent and warrant to each other that they have the full power and authority to execute and to perform their respective obligations under this Agreement and, where appropriate, have obtained the requisite corporate authority to enter into this Agreement.

EXHIBIT 6-A

9. This Agreement contains the entire agreement between the Parties, and may only be modified in writing signed by the Parties or their duly appointed agents. All prior agreements and understandings between the Parties concerning the subject matter hereof are superseded by the terms of this Agreement.

10. This Settlement Agreement shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Agreement, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of the Agreement as a whole is purportedly prepared or requested by such party.

11. This Settlement Agreement may be executed in counterparts which will have the same force and effect as if a single agreement was executed. The parties also consent to be bound by signatures reproduced by facsimile or other means.

Agreed to:

Michigan Asset Holdings

By: /S/ Jason M. Curis  Dated: 1/20/10
Jason M. Curis
Manager of Michigan Asset Holdings
5700 Frazho Road
Warren, MI 48091
(586) 427-9410
curisjas@hotmail.com

MICHAEL A. MASON, TRUSTEE

/S/ Kevin M. Smith  Dated: 1/20/10
By: Kevin M. Smith (P48976)
Beadle Smith, PLC.
Attorneys for Trustee
445 S. Livernois Rd., Suite 305
Rochester Hills, MI 48307
(248) 650-6094
ksmith@bbssplc.com

CHERYL GINEMAN REVOCABLE TRUST
AGREEMENT DATED 5/9/1994

/S/ Cheryl L. Gineman  Dated: 1/19/10
Cheryl Gineman, Trustee